IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES CHAD WILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-488-MHT-CSC |
| | ) | (WO) |
| HOUSTON COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff James Chad Wiles launched this action under 42 U.S.C. § 1983 on August 7, 2024, while incarcerated at the Houston County Jail in Dothan, Alabama. *See* Docs. 1 & 2. By order entered on August 14, 2024, the court informed Wiles that, for his action to proceed, he must submit either the $405.00 in required fees or a properly completed application for leave to proceed *in forma pauperis*. Doc. 3. Although Wiles then moved to proceed *in forma pauperis* (Doc. 4), he didn't submit information about the balance in his inmate account from the facility where he is incarcerated.

On August 26, 2024 (Doc. 5), the court entered an order directing Wiles to submit his inmate account information by September 9, 2024, to support his motion to proceed *in forma pauperis*. The court's order of August 26, 2024, specifically warned Wiles that his failure to comply would result in a recommendation of dismissal. Doc. 5 at 2. To date, Wiles has failed to comply with or respond to the court's orders.[1]

---

[1] The court's order of August 26, 2024, was returned marked as undeliverable and "Unable to Forward." Doc. 6. In an earlier order, one entered on August 14, 2024, the court cautioned Wiles

Because of Wiles's failure to comply with the court's order of August 26, 2024, the court concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

The court finds that sanctions lesser than dismissal would not suffice here. *See Mingo*, 864 F.2d at 102. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice based on Wiles's failure to comply with orders of the court..

It is also ORDERED that by **October 10, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or

---

that he must immediately inform the court of any change in his address and that failure to provide such notice within 10 days after any address change would result in dismissal of the case. Doc. 3 at 2. Wiles has not notified the court of any change in his address.

general objections will not be considered by the court. This Recommendation is not a final order, and it is therefore not appealable. Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3–1.

DONE this day 26th day of September, 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE